IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | : |
| JESUS VARGAS GORDILS | : CASE: B-07-00296 ESL |
| Debtor | : |
| JESUS VARGAS GORDILS | : Chapter 13 |
| Plaintiffs | : |
| V. | : ADV. NO. 07-0324 |
| MICHELLE VELEZ VAZQUEZ, FRANCISCO VELEZ VAZQUEZ, FRANCES VELEZ VAZQUEZ, JOSE R. CARRION, TRUSTEE, REGISTRY OF PROPERTY MAYAGUEZ REGISTRY; JUSTICE SECRETARY FOR THE COMMONWEALTH OF PUERTO RICO | : : : : : |
| Defendant(s) | : |

## MEMORANDUM AND ORDER

This adversary proceeding is before the court on the motion to dismiss filed by the Registrar of the Mayaguez Property Registry based on the Eleventh Amendment to the U.S. Constitution, and the opposition thereto filed by debtor/ plaintiff. Plaintiff opposes the motion to dismiss alleging that the immunity afforded by the Eleventh Amendment to the U.S. Constitution is inapplicable to the present action as the complaint is not requesting damages against the Registrar, and "[t]he only relief the plaintiff asks of the co-defendant, is for the Registry of the Property to comply with its obligations to the Commonwealth of Puerto Rico and its constituents."

The second amended complaint (dkt #23) seeks to determine the validity of a lien over debtor's residence and the extent of the lien. Plaintiff understands (See paragraph 4 of the second amended complaint) that the Registrar "must be brought to the [this]" court's jurisdiction.

The responsibilities of Registrars are found in 30 L.P.R.A. §2054. The statute provides that:

> "The responsibility of the registrars for their actions in the performance of their office shall be governed by existing provisions applicable to all other public officials.
> Property registrars shall enjoy the same immunities enjoyed by judges with respect [to] their civil responsibility, in the performance of their functions, without any prejudice to the liability that may correspond to the state."

Although judicial immunity may not bar a request for injunctive relief; Pullman v. Allen, 446 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984); Adames v. Fagundo, 198 Fed. Appx. 20 (1st Cir 2006); there are no allegations in the second amended complaint stating that the Registrar has failed to comply with the duties and responsibilities of the office. To assume that the Registrar will not comply with his/her statutory responsibilities unless he/she is a named co-defendant is inappropriate.

It is a basic tenet of our system of justice that judicial officers must be free to decide controversies without fear of personal consequences, Stump v. Sparkman, 435 U.S. 349(1978), and are entitled to judicial immunity for their actions in furtherance of their judicial duties and responsibilities, unless performed in clear absence of all jurisdiction. Mireles v. Waco,502 U.S. 9, 11 (1991); Forrester v. White, 484 U.S. 219, 227-229 (1988). The scope of subject matter jurisdiction must be broadly construed. Stump, 435 U.S. at 356. A judge (Registrar) is entitled to judicial immunity even if he or she acted in error, including whether or not the automatic stay provisions of 11 U.S.C. 362(a) are applicable to the controversy before said court (Registry). Kearns v. Orr, 161 B.R. 701, 704(D. Kansas 1993).

Consequently, the second amended complaint is hereby dismissed as to co-defendant the Registrar of the Mayaguez Property Registry. Partial judgment shall be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this _13th_ day of November, 2008.

_____
ENRIQUE S. LAMOUTTE
U.S. Bankruptcy Judge

- 2 -